IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Corbett, #280660, | ) CIVIL ACTION NO. 9:12-3431-JFA-BM |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Latressa Fleming; Z. Leeke and Mrs. Manuel, each in their official and individual capacities, | ) |
| Defendants. | ) |

This action was filed by the Plaintiff on November 30, 2012,[1] pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on March 28, 2013. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on March 29, 2013, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Notwithstanding these instructions, however, Plaintiff failed to ever file any response to the motion for summary judgment.

In consideration of Plaintiff's pro se status, the Court entered a second Order on May

---

[1] Filing date under Houston v. Lack, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court).



3, 2013 giving Plaintiff an additional ten (10) days to file a response to the motion for summary judgment, and advising Plaintiff that if he failed to respond, a recommendation for dismissal of this case would be entered. This period also expired with no response being filed by the Plaintiff, and on May 14, 2013 the undersigned entered a recommendation that this case be dismissed with prejudice for lack of prosecution. Rule 41(b), Fed.R.Civ.P. Thereafter, Plaintiff filed a motion for an extension of time to file a response/reply, and by Order filed May 28, 2013, the Honorable Joseph F. Anderson, Jr., United States District Judge, granted Plaintiff's motion and gave him until July 8, 2013 to file a response to the motion for summary judgment.

Plaintiff filed a response in opposition on July 8, 2013, following which the Defendants filed a reply memorandum on August 6, 2013. Defendants' motion is now before the Court for disposition.[2]

## Background and Evidence

Plaintiff alleges in his verified Complaint[3] that on or about November 16, 2010 he was housed at the Gilliam Psychiatric Hospital (GPH), a facility run by the Department of Corrections, when he was taken to the "medical room" after cutting his arm. Plaintiff alleges that the Defendant Nurse Fleming told him she was going to inject him with Geodon and Benadryl, and that when Plaintiff told her that he did not want Geodon because it would make him sick, Fleming and the

---

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion this Report and Recommendation is entered for review by the Court.

[3] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

2



Defendant Leeke (a counselor) both told him he was getting the injection whether he wanted it or not. Plaintiff alleges that the Defendant Manuel (another counselor) was also present. Plaintiff alleges that after being injected with Geodon and Benadryl he experienced dizziness, nausea, incontinence, began vomiting, and lost consciousness. Plaintiff alleges that he also experienced severe and extreme mental and emotional anguish and trauma because of this event. Plaintiff seeks monetary damages for a violation of his right to be free from cruel and unusual punishment. See generally, Verified Complaint.

In support of summary judgment in the case, the Defendants have submitted an Affidavit from Ann Hallman, who attests that she is the Branch Chief for the Inmate Grievance Branch of the South Carolina Department of Corrections. Hallman attests that her job is to supervise the Inmate Grievance System, and that under this system the initial step is for an inmate to file a Step 1 Grievance. Following the filing of a Step 1 Grievance an investigation is conducted by the Grievance Coordinator, with the Warden then issuing a decision. If the inmate disagrees with the Warden's decision, he may file a Step 2 Grievance Appeal, which exhausts his administrative remedies.[4]

Hallman attests that, although pursuant to SCDC policy inmates have fifteen (15) days from the date an incident occurs to file a grievance, Plaintiff did not file his Step 1 grievance

---

[4] Hallman also notes in her affidavit that if an inmate disagrees with the disposition of a Step 2 Grievance Appeal, the inmate may then Appeal to the South Carolina Administrative Law Court. However, Plaintiff is not required to go past the Step 2 Grievance Appeal final decision to exhaust the type of claim presented in this lawsuit. Johnson v. Ozmint, 567 F.Supp. 2d 806, 820, n. 5 (D.S.C. 2008); Duncan v. Langestein, No. 07-268, 2008 WL 153975 at * 5 (D.S.C. Jan. 14, 2008) (citing Charles v. Ozmint, No. 05-2187, 2006 WL 1341267 at * 4 n. 4 (D.S.C. May 15, 2006) [recognizing that completion of Step 2 grievance exhausts administrative remedies and that § 1997(a) does not require inmates to further appeal to Administrative Law Court on conditions of confinement claims.]; Ayre v. Currie, No. 05-3410, 2007 WL 3232177 at * 7 n.5 (D.S.C. Oct. 31, 2007).



concerning the incident alleged in the Complaint until July 31, 2012 (received in the Grievance Office on August 3, 2012). Hallman attests, however, that notwithstanding this inordinate delay, Plaintiff was allowed to proceed with his grievance. See Grievance KCI-1411-12.[5] Hallman attests that the Warden issued a response to Plaintiff's grievance on September 17, 2012, with Plaintiff being served with the Warden's response denying Plaintiff's Grievance on September 27, 2012. Hallman attests that Plaintiff was advised in the Warden's response that if he was not satisfied with the decision, he could appeal within five (5) days by filing a Step 2 Grievance Appeal, but that Plaintiff never filed a Step 2 Grievance Appeal in this matter, and therefore failed to exhaust his administrative remedies. See generally, Hallman Affidavit with attached Exhibit (Step 1 Grievance Form).

**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see

---

[5]Plaintiff's Grievance was originally Numbered PCI-2126-12; however, as Plaintiff had been transferred to the Kirkland Correctional Institution, it was processed at KCI as Grievance Number KCI-1411-12.



Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Defendants argue that this case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claim in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies; see Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 549 U.S. 199 (2007). To meet this burden, the Defendants have submitted the affidavit from Ann Hallman, Chief of the Inmate Grievance Branch of the SCDC, with attached exhibit showing that Plaintiff failed to exhaust his administrative



5

remedies with respect to his claim prior to filing this lawsuit. Defendants' exhibit is a copy of Plaintiff's Step 1 Grievance form with the Warden's response, and which contains a notification to the Plaintiff that if he is not satisfied with the decision he can appeal within five days of receipt. Plaintiff signed the receipt for the Warden's decision on September 27, 2012, and indicated that he did not accept the Warden's decision and wished to appeal. See Hallman Affidavit, attached Exhibit [Step 1 Grievance form]. However, it is undisputed (even by Plaintiff) that Plaintiff failed to ever file a Step 2 Grievance Appeal of the denial of his Step 1 Grievance. See Harvey v. City of Philadelphia, 253 F.Supp.2d 827, 829 (E.D.Pa. 2003) [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies]; Jordan v. Miami-Dade County, 439 F.Supp.2d 1237, 1241-1242 (S.D.Fla. 2006)[Remedies not exhausted where inmate did not appeal denial].

Plaintiff argues in his response memorandum that even though he did not pursue a Step 2 grievance appeal, he should be deemed to have exhausted his administrative remedies because he did not receive a response to his Step 1 Grievance within forty (40) days, as required by the grievance procedure. Cf. Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) [ administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance], cert. denied, 544 U.S. 920 (2005). This Court can take judicial notice from previous cases filed in this Court that, under the SCDC grievance procedure, all inmate grievances must be filed within fifteen (15) days of the alleged incident by submitting a Step 1 Grievance form. The Department thereafter has nine (9) working days to enter the grievance into the SCDC automated system, and the Warden should thereafter respond to the grievance in writing within forty (40) days.



Here, the evidence reflects that Plaintiff did not file a grievance within fifteen (15) days of the alleged incident at issue, although the SCDC decided to go ahead and process his grievance anyway. However, while Plaintiff's grievance was initially filed at the Perry Correctional Institution (PCI), it had to be transferred to the Kirkland Correctional Institution.[6] In any event, the evidence shows that Plaintiff's grievance was received in the Grievance Office on August 3, 2012. Forty (40) days after that date is September 12, 2012, including week-ends. The Warden's response is dated September 17, 2012 (five days after the deadline).

For purposes of summary judgment, Defendants concede in their reply memorandum that Plaintiff did not receive the response to his Step 1 grievance within the applicable time period; however, they note that the response was "only slightly beyond that time", that Plaintiff did receive his response and was informed that he had an obligation to file a Step 2 Grievance within five (5) days, and that he then instead filed this lawsuit over two months after he had received the response to his Step 1 Grievance (Plaintiff signed for the grievance on September 27, 2012) without ever having filed a Step 2 grievance appeal. Defendants argue that while Plaintiff cites to some of these cases in his response courts have ruled that administrative remedies can be deemed to have been exhausted when prison officials fail to timely respond to an inmate's grievance, these rulings apply where the inmate has been prevented from filing suit due to the failure of grievance personnel to respond to an inmate grievance for an excessive amount of time or to even respond at all, not to the type of situation presented in this case. <u>Hyde v. South Carolina Dep't of Mental Health</u>, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of

---

[6] It is unknown whether this required transfer resulted in any delay in the processing of the grievance.

7



fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"].

The undersigned is constrained to agree. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court - or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility].  This is not a case where a Plaintiff has proceeded to court because prison officials failed to respond to his grievance.  Plaintiff did receive a response his Step 1 Grievance, and then failed to file any appeal of the denial of that grievance, despite being advised of the need to do so and Plaintiff's own statement on the grievance form that he intended to do so.  Sullivan v. Coleman, No. 06-1588, 2006 WL 3759757, * 6 (D.S.C. Dec. 18, 2006)[Inmate abandoned grievance where he failed to properly complete and return Step 2 Inmate Grievance Form].  Plaintiff cannot fail to properly pursue and exhaust the prison's Step 2 appeal grievance procedure under these facts, and then file a Complaint in this Court months later claiming a right to proceed anyway because he received the response to his Step 1 Grievance a few days late.[7]  Nyhuis, 204 F.3d at 73 ["It is beyond the power of this court or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson, 28 F.Supp. 2d at 894-895).

In sum, based on the material and arguments presented to this Court, the undersigned

---

[7]It is also significant to note that, while Plaintiff complains the Defendants failed to comply with the grievance policy time requirements, Plaintiff himself failed to comply with the policy's time guidelines in filing this lawsuit.  See, n. 1, supra; see also McKenny v. Reynolds, No. 11-366, 2011 WL 1225685 at * 2 (D.S.C. Mar. 17, 2011)[Under the provisions of SCDC's inmate policy, "a SCDC inmate must wait one hundred twenty-five (125) days from presenting his Step 1 written grievance to the prison to file a complaint in federal court."].



finds that the evidence is sufficient to meet the Defendants' burden of establishing Plaintiff's failure to exhaust his administrative remedies with respect to his claim. Therefore, the Defendants are entitled to summary judgment. Hyde, 442 S.E.2d at 583 ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; Cannon, 418 F.3d at 719 [Prisoner may not file a lawsuit before exhausting his administrative remedies]; Jordan, 439 F.Supp.2d at 1241-1242 [Remedies not exhausted where inmate did not appeal denial]; Porter, 534 U.S. 516 [exhaustion required for all actions brought with respect to prison conditions]; Jones, 266 F.3d at 399 [exhaustion required even though plaintiff claimed futility]; McKenny, 2011 WL 1225685 at * 2 ["[A] SCDC inmate must wait one hundred twenty-five (125) days from presenting his Step 1 written grievance to the prison to file a complaint in federal court."].

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed,** without prejudice, for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

August 14, 2013
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

10

