UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Corbett, | ) | C/A No. 9:12-3431-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Latressa Fleming; Z. Leeke; and Mrs. Manuel, each in their official and individual capacities, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, James Corbett, brings this action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights when they treated him with medications after he cut his arm. At the time of the incidents alleged herein, the plaintiff was housed at the Gilliam Psychiatric Hospital, a facility of the South Carolina Department of Corrections (SCDC).

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the plaintiff has failed to exhaust his administrative remedies and that the defendants' motion for summary judgment[2] should be granted. The

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment.

Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was notified of his right to file objections to the Report and Recommendation. However, the plaintiff has not filed objections to the Report and the time within which to do so has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Magistrate Judge properly notes in his Report that prisoners must exhaust their administrative remedies *prior to* filing a § 1983 suit in federal court. *See* 42 U.S.C. § 1997e(a), *Booth v. Churner*, 532 U.S. 731, 741 (2001); and *Porter v. Nussle*, 534 U.S. 516 (2002). The Magistrate Judge also opines that the defendants have met their burden of showing that the plaintiff failed to exhaust his administrative remedies. *See Anderson v. XYZ Correctional Health Svcs., Inc.*, 407 F.3d 674 (4th Cir. 2005); *Jones v. Bock*, 549 U.S. 199 (2007).

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is adopted and incorporated herein by reference.

Accordingly, the defendants' motion for summary judgment (ECF No. 20) on the issue of exhaustion is granted and plaintiff's complaint is dismissed for failure to exhaust his administrative remedies.

IT IS SO ORDERED.

September 11, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge